(Surrogate's Court, New York County. February 25. 1916.)

EXECUTORS AND ADMINISTRATORS ☞221(4)—ESTATES OF DECEDENT—CLAIMS—
EVIDENCE—SUFFICIENCY.

Where claimant sought reimbursement for premiums paid on policy of insurance of which deceased was beneficiary, evidence *held* insufficient to establish the validity of the indebtedness, not showing an agreement by decedent to reimburse claimant, and hence the claim must be disallowed.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 903, 903½, 1872–1874, 1876; Dec. Dig. ☞221(4).]

In the matter of the estate of Fannie M. Lothrop, deceased. Claim by Franklin D. Mack disallowed.

Uterhart & Graham, of New York City (Alfred M. Schaffer, of New York City, of counsel), for executor.
Paul M. Crandell, of New York City, for claimant.
Sutro & Wright, of New York City, for E. Ruth Varney.

FOWLER, S. Franklin D. Mack, a brother of the decedent, filed a claim with the executors of decedent's estate for the sum of $1,694.02. The claim is based upon moneys alleged to have been loaned by the claimant to the decedent for the purpose of paying premiums upon a policy of insurance issued to Ira M. Lothrop, the husband of the decedent, and payable to the decedent or such other person as might be the beneficiary at the date of the maturity of the policy.

The claimant attempted to prove that he loaned the decedent the sum of $34.60 in June, 1902, for the purpose of paying the bimonthly premium on the policy, and that thereafter he continued to pay such premiums until 1907, when the company which issued the policy was dissolved. No competent evidence was adduced before me to prove that the decedent agreed with the claimant to pay him any of the amounts alleged to have been advanced by him in settlement of the

premiums, and no competent evidence was adduced to prove that the claimant paid any of such premiums at the request of the decedent. The testimony which was submitted by the claimant would seem to indicate the existence of an agreement between the claimant and the decedent that upon the death of the insured the claimant should be reimbursed out of the proceeds of the policy of insurance for any advances made by him in paying the premiums. This is the only conclusion that can be deduced from claimant's Exhibit No. 9. It also seems to be the theory of the claimant's counsel, as he stated upon the hearing before me, that:

"The purport of these letters is to the effect that he (claimant) was to be repaid when the brother-in-law died out of the proceeds of the policy."

As the claimant has failed to sustain the burden of proving the validity of his claim as an indebtedness of the decedent's estate, the claim is disallowed.